UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. A04-00523-DMD<br><br>EUGENE T. ETHERIDGE and IRENE D. ETHERIDGE,<br><br>Debtors. | Chapter 7 |
| LARRY D. COMPTON, Chapter 7 Trustee for the Bankruptcy Estate of Eugene T. and Irene D. Etheridge,<br><br>Plaintiff,<br><br>v.<br><br>JAMES M. CRAWFORD, a/k/a Jim Crawford, d/b/a Century 21 Crawford Property Management,<br><br>Defendant. | Adv. No. A05-90020-DMD<br><br>**Filed On 9/15/06** |

### MEMORANDUM ON DEFENDANT'S OPPOSITION TO MOTION TO WITHDRAW THE REFERENCE

After trial of this matter on May 10, 2006, this court issued a Report and Recommendation to the United States District Court and moved, *sua sponte*, to withdraw the reference to that court for entry of a final judgment. The defendant, James Crawford, filed an opposition to the motion to withdraw the reference on June 2, 2006. Crawford contends he didn't receive notice of the trial date, and asks for a new trial.

A hearing on the opposition was held on August 17, 2006. Crawford attended this hearing. He stated that he didn't receive notice of the May 10 trial date. He said he doesn't know why, but the notice isn't in his file and he "simply didn't receive it." He also

stated that there were substantive facts and issues that still needed to be heard in this case and that asked that a new trial date be set.

I have reviewed the record in this case and find Crawford's contention regarding lack of notice implausible. He was served with the summons and plaintiff's complaint in this matter by first class mail, in accordance with Fed. R. Bankr. P. 7004(b).[1] He was served at the address of 2739 C Street, Anchorage, Alaska 99503. This address became the address of record on the court docket. This address has been used by the Clerk of this court to serve all notices and orders entered in this proceeding upon Crawford.[2] Crawford filed an answer and counterclaim on August 8, 2005, which bears this same address. Since that date, however, he hadn't participated in this case in any manner until he filed his opposition to the *sua sponte* motion. He did not attend the initial scheduling and planning conference, scheduled for October 4, 2005,[3] nor did he attend the continued conference on November 8, 2005. He didn't respond to the plaintiff's discovery requests, nor did he attend the trial.

Several notices concerning trial were entered in this proceeding. An order setting trial date and related deadlines was served upon Crawford on November 9, 2005.[4] This order scheduled the trial of this matter for the week of April 10 through 14, 2006. An

---

[1] Return of Summons, filed June 29, 2005 [Docket No. 3].

[2] Because Mr. Crawford is not a participant in this court's CM/ECF System, the Clerk has served him with a paper copy of each order and notice entered by the court, by first class mail, at his address of record, as provided under Fed. R. Bankr. P. 9022(a). This is the standard procedure for service of court notices and orders on parties in adversary proceedings who do not receive electronic notice via the CM/ECF System.

[3] An order setting scheduling and planning conference was served on Crawford on August 15, 2005 [Docket No. 6].

[4] Docket No. 10.

2

order setting a date and time certain for the trial was served on Crawford on March 9, 2006.[5] Both orders were served on Mr. Crawford at his address of record, by first class mail.

On March 16, 2006, the plaintiff filed a motion to extend the discovery deadline and continue the trial on the grounds that Crawford had failed to respond to discovery requests and attend a scheduled deposition.[6] The plaintiff's certificate of service on both the motion and the memorandum in support reflect that Crawford was served at his address of record by first class mail.[7] Crawford did not file a response to this motion. An order granting the motion to extend discovery and continue trial was served on Crawford, at his address of record by first class mail, on April 4, 2006.[8] The trial date was continued to May 10, 2006.

Crawford did not appear at the trial on May 10th. Testimony and documentary evidence was produced by the plaintiff in support of his claims. The court thereafter issued its report and recommendation and *sua sponte* moved to withdraw the reference. Only then did Crawford file another pleading in this court: his opposition to the *sua sponte* motion to withdraw the reference. He also filed an untimely third party crossclaim.

"Under the common law mailbox rule, proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee."[9]

---

[5] Docket No. 11.

[6] The plaintiff propounded requests for admission to Crawford (Pl.'s Ex. 5). These requests were unanswered and formed a basis for the court's report and recommendation after trial of this matter.

[7] Docket Nos. 12, 13.

[8] Docket No. 15.

[9] *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992), *citing Rosenthal v. Walker*, 111 U.S. 185, 193-94 (1884).

3

> Mailing a timely notice by first class mail to a party's last known address is sufficient to satisfy due process. Under the "mailbox rule," "upon proof that mail is properly addressed, stamped and deposited in an appropriate receptacle, it is presumed to have been received by the addressee in the ordinary course of the mails."[10]

Crawford was served with three notices of trial date – two for a trial date in April, 2006, and one for the continued trial date of May 10, 2006. He was served in accordance with the standard procedure in the Bankruptcy Court Clerk's Office for service of orders and notices on parties who do not receive electronic notice: by first class mail to his address of record. His address of record corresponds to the address which he has used on the pleadings he has filed in this proceeding. Under the circumstances, the court is entitled to the presumption that its orders and notices were received by Crawford. His assertions to the contrary are insufficient to rebut this presumption, particularly in light of the fact that the order setting a time certain for the initial April trial date, the plaintiff's motion to continue the trial, and the order continuing the trial to May 10, 2006, were all served within a reasonably short period of time, e.g., between March 9, 2006, and April 4, 2006. Crawford didn't appear for either the initially scheduled trial date or the continued trial date, nor did he oppose the motion to continue or contact the court to see when the trial would be held. Since filing his answer, he has employed tactics to delay these proceedings. He has failed to respond to discovery requests and, until the hearing on his objection to the *sua sponte* motion, has failed to attend all hearings scheduled and duly noticed by the court. He filed an extremely untimely third

---

[10] *Hasso v. Mozsgai (In re La Sierra Fin. Serv., Inc.)*, 290 B.R. 718, 733 (B.A.P. 9th Cir. 2002) (citations omitted).

party complaint.[11]  In light of this record, his contention that he simply didn't receive notice of the May 10th trial date is implausible.

Mr. Crawford's opposition to the *sua sponte* motion will be overruled.  A new trial will not be held in this case.  The court will issue a renewed motion to withdraw the reference.

DATED:  September 15, 2006

BY THE COURT


 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  E. Sleeper, Esq. (for plaintiff)
J. Crawford, Pro Se Defendant, at 2739 C St., Anchorage, AK  99503
T. Van Flein, Esq. (for Hickels), Clapp, Peterson, Van Flein, Teimessen & Thorsness, LLC, 711 H St., Suite 620, Anchorage, Ak  99501
P. Gingras, Adv. Case Mgr.

09/15/06

---

[11]Mr. Crawford didn't respond to this court's notice of intent to strike third party complaint, entered August 29, 2006 [Docket No. 37], and an order striking this complaint will be entered concurrently with this memorandum.